## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **LEWIS POWERS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.** |
| **v.** | ) | **Trial by Jury Demanded** |
| | ) | |
| **MECCOR INDUSTRIES, LTD.** | ) | |
| **an Illinois Corporation,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Now comes the plaintiff, Lewis Powers, by and through his attorneys, Favaro & Gorman, Ltd. and for his Complaint against defendant, Meccor Industries, Ltd., an Illinois Corporation states and alleges as follows:

## NATURE OF THE CASE

1.      This is an action for damages caused by the defendant, Meccor Industries, Ltd. (hereinafter "Meccor") and interference, lack of accommodation, retaliation and discharge from employment of plaintiff, Lewis Powers (hereinafter "Powers"), from employment in violation of The Americans with Disabilities Act 42 U.S.C. §12/202(a) *et. seq.* and §102 of the Family and Medical Leave Act of 1993 (29 U.S.C. §2615).

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked under the provisions of the Americans with Disabilities Act 42 U.S.C. §12/101(a) *et. seq.* ("ADA") and 42 USC §12117(a), 28 U.S.C. §1331

(federal question), 28 U.S. C. §1343 (civil rights), 28 U.S.C. §1367(a) supplemental jurisdiction, and The Family and Medical Leave Act, 29 U.S.C. 2617 (FMLA Enforcement).

3.      The unlawful employment practices described herein were committed within the State of Illinois, and Meccor was located within, conducted business and employed Powers in the City of Skokie, Cook County, Illinois.  Accordingly, venue in this Court is proper pursuant to 28 U.S.C. §1391(b) and 42 U.S.C. §2000(e)(5)(f)(3).

## PROCEDURAL BACKGROUND

4.      On May 28, 2019, Powers filed a timely charge of discrimination in the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC) alleging disability discrimination. *See* Charge of Discrimination attached hereto as Exhibit "A" and made a part hereof.

5.      On September 30, 2019, the EEOC issued a Determination favorable to Powers, and an invitation to engage in conciliation was extended.

6.      On February 24, 2020, the EEOC issued a Notice of Right to Sue (Conciliation Failure) which Powers' counsel received on February 27, 2020.   *See* Notice of Right to Sue attached hereto as Exhibit "B" and made a part hereof.

7.      Powers has met all procedural prerequisites hereto, and this Complaint is timely filed.

## PARTIES

8.      At all times relevant hereto, Powers was an individual residing in the Village of Tinley Park, Cook County, Illinois and an "employee" of Meccor within the meaning of 29 U.S.C. §2611(2)(A).

9.     At all times relevant hereto, Meccor was a general contractor specializing in Carpentry, Millwork, Doors & Hardware, and Miscellaneous & Ornamental Metals, which work was located and doing business in Skokie, Cook County, Illinois.

## FACTS

10.     Powers became employed by Meccor on June 5, 2017.

11.     Powers' most recent position was delivery driver on the ironworkers' side of the business.

12.     At all times relevant hereto, Powers performed his job in a manner which met the reasonable expectations of Meccor.

13.     Powers was diagnosed with Aortic Stenosis in December 2016.

14.     Meccor was aware of Powers' health condition at the time of his hire.

15.     In June 2018, Powers was told by his medical professionals that at some point, he would need surgery for his Aortic Stenosis.

16.     In July 2018, Powers told his supervisor, Al Throw (hereinafter "Throw") that he was going to need surgery for his health condition, and he would need eight to twelve weeks off from work to recover from the surgery.

17.     In response to learning Powers would be having surgery, Throw asked Powers to prepare a list of the stops on his route, so someone else could perform his job duties.

18.     In or around the last week of July/first week of August 2018, Powers told Throw he needed to see his doctor the following week regarding his upcoming surgery, and he asked if he could take Tuesday off to attend the appointment.

19.     On Friday, August 3, 2018, Throw telephoned Powers to advise him that business was slow on the other side of the business.   He was returning Jose (last name unknown) whose

position was on that side of the business back to Powers' driver position (a position he had held immediately prior to Powers), and Powers was laid off.

20.     On or about Sunday, August 5, 2018, Throw went to Powers' home to pick up the company keys and credit cards which were in his possession. Throw again told Powers he was having Jose (last name unknown) assume Powers' driving position.

21.     The next morning, Monday August 6, 2018, Jose telephoned Powers at his home to determine if he was alright. He stated he was at work. Both work trucks were there and parked, and he was wondering why Powers was not present. Jose knew nothing of his allegedly taking over Powers' position.

22.     Later on Monday, August 6, 2018, Jose's supervisor, Pat (last name unknown) telephoned Powers. He told him that he and Jose were very busy. A new employee had been hired to replace Powers, and he had started that morning.

## COUNT I

## LACK OF ACCOMMODATION FOR DISABILITY-AORTIC STENOSIS

### (Americans with Disabilities Act)

23.     Powers restates and realleges paragraphs 1 through 22 as though fully stated herein.

24.     Meccor is an employer and covered entity, as defined by the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA").

25.     Powers is an otherwise qualified individual with a disability, or perceived disability, as defined in the ADA.

26.     Meccor was required to discuss and reasonably accommodate, if necessary, Powers' known or perceived disability.

4

27.     Meccor, by and through its agents, representatives and/or employees harassed and discriminated against Powers on the basis of his actual or perceived disability.

28.     Meccor intentionally, willfully and/or with a knowing and/or reckless disregard for Powers' rights discriminated against him.

29.     As a direct and proximate consequence of Meccor's unlawful and discriminatory treatment of Powers, he suffered, and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

WHEREFORE, plaintiff, Lewis Powers, respectfully requests that this Honorable Court enter an Order for the following relief:

a.      Meccor reinstate Powers to his former position or to a comparable position with respect to pay, benefits and responsibilities, or if reinstatement is not practicable, that Meccor compensate Powers with front pay and reimbursement of all lost employee benefits;

b.      Meccor make Powers whole by paying for his lost back pay and employee benefits;

c.      Meccor be awarded the cost of this suit, reasonable attorneys' fees, expert witness fees, and any other relief available under the ADA, including compensatory and punitive damages;

d.      Any other relief which this Court deems appropriate.

## COUNT II

## TERMINATION FOR DISABILITY (AORTIC STENOSIS)

### (Americans with Disabilities Act)

30.     Powers restates and realleges paragraphs 1 through 29 as though fully stated herein.

31.     Meccor is an employer and covered entity, as defined by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA").

32.     Powers is an otherwise qualified individual with a disability, or perceived disability, as defined in the ADA.

33.     Meccor was required to discuss and reasonably accommodate, if necessary, Powers' known or perceived disability, but by its actions failed to do either, choosing instead to terminate Powers.

34.     Meccor, by and through its agents, representatives and/or employees terminated Powers on the basis of his actual or perceived disability.

35.     Meccor intentionally, willfully and/or with a knowing and/or reckless disregard for Powers' rights discriminated against Powers.

36.     As a direct and proximate consequence of Meccor unlawful and discriminatory termination of Powers, he suffered, and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

WHEREFORE, plaintiff, Lewis Powers, respectfully requests that this Honorable Court enter an Order for the following relief:

a.     Meccor reinstate Powers to his former position or to a comparable position with respect to pay, benefits and responsibilities, or if reinstatement is not practicable, that Meccor compensate Powers with front pay and reimbursement of all lost employee benefits;

b.     Meccor make Powers whole by paying for his lost back pay and employee benefits;

c.     Powers be awarded the cost of this suit, reasonable attorneys' fees, expert witness fees, and any other relief available under the ADA, including compensatory and punitive damages;

d.     Any other relief which this Court deems appropriate.

## COUNT III

## RETALIATION FOR REQUESTING ACCOMMODATION FOR DISABILITY

## (AORTIC STENOSIS)

## (Americans with Disabilities Act)

37.     Powers restates and realleges paragraphs 1 through 36 as though fully stated herein.

38.     Meccor is an employer and covered entity, as defined by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* ("ADA").

39.     Powers is an otherwise qualified individual with a disability, or perceived disability, as defined in the ADA.

40.     Meccor was required to discuss and reasonably accommodate, if necessary, Powers' known or perceived disability, but by its actions failed to do either, choosing instead to terminate Powers.

41.     In July 2018 and again in the first week of August 2018, Powers requested accommodations in the form of time off from work to attend a physician's appointment, have surgery and recover from that surgery. Within a short period of time after engaging in this protected activity, Meccor, by and through its agents, representatives and/or employees retaliated against Powers by terminating him in response.

42.     Meccor intentionally, willfully and/or with a knowing and/or reckless disregard for Powers' rights discriminated against Powers.

43.     As a direct and proximate consequence of Meccor unlawful and discriminatory termination of Powers, he suffered and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

WHEREFORE, plaintiff, Lewis Powers, respectfully requests that this Honorable Court enter an Order for the following relief:

a.      Meccor reinstate Powers to his former position or to a comparable position with respect to pay, benefits and responsibilities, or if reinstatement is not practicable, that Meccor compensate Powers with front pay and reimbursement of all lost employee benefits;

b.      Meccor make Powers whole by paying for his lost back pay and employee benefits;

c.   Powers be awarded the cost of this suit, reasonable attorneys' fees, expert witness fees, and any other relief available under the ADA, including compensatory and punitive damages;

d.   Any other relief which this Court deems appropriate.

## COUNT IV

## AMERICANS WITH DISABILITIES ACT

### Punitive Damages

44.   Powers restates and realleges paragraphs 1 through 43 as though fully stated herein.

45.   Meccor is an employer and covered entity, as defined by the Americans with Disabilities Act, 42 U.S.C. §12101 *et. seq.* ("ADA").

46.   Powers is an otherwise qualified individual with a disability, or perceived disability, as defined by the Americans with Disabilities Act.

47.   Meccor was required to discuss and reasonably accommodate, if necessary, Powers' known or perceived disability and chose instead to terminate Powers.

48.   Meccor intentionally, willfully and /or with a knowing and/or reckless disregard for Powers' rights discriminated against Powers.

49.   As a direct and proximate consequence of Powers' unlawful and discriminatory termination of Powers, he suffered and continues to suffer, a loss of income, including salary and benefits, as well as physical and emotional pain, anguish and suffering.

WHEREFORE, plaintiff, Lewis Powers, respectfully requests that this Honorable Court enter an Order for the following relief:

a.   Meccor reinstate Powers to his former position or to a comparable position with respect to pay, benefits and responsibilities, or if reinstatement is not practicable, that Meccor compensate Powers with front pay and reimbursement of all lost employee benefits;

b.   Meccor make Powers whole by paying for his lost back pay and employee benefits;

8

    c.        Powers be awarded the cost of this suit, reasonable attorneys' fees, expert witness fees, and any other relief available under the ADA, including compensatory and punitive damages; and

    d.        Any other relief which this Court deems appropriate.

## COUNT V

## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

50.      Powers restates and realleges paragraphs 1 through 49 as though fully stated herein.

51.      Powers was an "employee" of Meccor within the meaning of 29 U.S.C. §2611 (2)(A).

52.      Meccor was an "employer" of Powers within the meaning of 29 U.S.C. §2611 (4)(A) at all times relevant to this action.

53.      At no time did Meccor inform Powers of his rights pursuant to the Family and Medical Leave Act.

54.      At no time did Meccor offer Powers a leave of absence pursuant to the Family and Medical Leave Act.

55.      That the foregoing actions taken against Powers were in violation of 29 U.S.C. §2615(a).

56.      The actions taken against Powers interfered with and denied Powers ability to take leave pursuant to the Family and Medical Leave Act.

WHEREFORE, plaintiff, Lewis Powers, respectfully requests that this Honorable Court enter an Order for the following relief:

    a.        Enter a judgment that Meccor's termination of Powers following her request for a leave of absence was done in violation of 29 U.S.C §2615 Family and Medical Leave Act of 1993;

b.  Enter a judgment pursuant to 29 U.S.C. §2617 (a)(1)(A)(i)(I) against the Meccor n favor of Powers for wages, salary, employment benefits or other compensation denied or lost to Powers by reason of the Meccor's unlawful actions;

c.  Enter a judgment pursuant to 29 U.S.C.§2617 (a)(1)(A)(iii) for an additional amount as liquidated damages equal to the sum of the amount described above in paragraphs (b) and (c);

c.  Enter a judgment pursuant to 29 U.S.C. §26(a)(1)(A)(ii) for interest on the above amount calculated at the prevailing rate; and

d.  Enter a judgment pursuant to 29 U.S.C.§2617 (a)(3) against Meccor and in favor of Powers for the reasonable attorneys' fees and costs and expert witness fees incurred by Powers in connection with the instant action;

f.  Award Powers such other equitable relief as may be appropriate including employment, reinstatement and promotion; and

g.  Award Powers such further and additional relief as the court may deem just and proper.

## JURY DEMAND

Powers hereby demands a trial by jury of all counts of this Complaint properly submissible to a jury.

Respectfully Submitted,

Favaro & Gorman, Ltd.

*/s Patricia L. Jochum*

Dennis R. Favaro
*dfavaro@favarogorman.com*
Patricia L. Jochum
*pjochum@favarogorman.com*
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY RECEIVED EEOC
☐ FEPA
✓ EEOC   MAY 28 2019

CHARGE NUMBER
440-2019-05091

| Illinois Dept. of Human Rights | and EEOC |
|---|---|

State or local Agency, if any   CHICAGO DISTRICT OFFICE

| NAME (Indicate Mr., Mrs. or Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Lewis C. Powers | (708) 407-8628 |

| STREET ADDRESS          CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 6463 Parkside Drive, Tinley Park, Illinois 60477 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| Name Meccor Industries, Ltd. | NUMBERS OF EMPLOYEES, MEMBERS  15+ | TELEPHONE NUMBER (Include Area Code) (847) 676-0202 |
|---|---|---|

| STREET ADDRESS     CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 3933 Oakton Street, Skokie, IL 60076 | Cook |

| NAME | TELEPHONE NUMBER (Include area code) |
|---|---|
| | |

| STREET ADDRESS     CITY, STATE, AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON (check appropriate box(es))

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☑ RETALIATION   ☐ AGE   ☑ DISABILITY   ☐ OTHER (SPECIFY)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) LATEST (ALL)
August 3, 2018

☑ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attached extra sheet (s)):

**See Attached**

___ I also want this charge filed with the Illinois Department of Human Rights. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedure.

NOTARY (Necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that is true to the best of my knowledge, information and belief.

x _Lewis L Powers_   x _5-28-19_

| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT          DATE |
|---|---|
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (day, month, and year) |
| Notary Signature & Stamp | |

EXHIBIT

A

Lewis Powers v. Meccor Industries, Ltd.

1.    I have a disability, aortic stenosis.

2.    I became employed by Respondent on June 5, 2017.

3.    My most-recent position was that of delivery driver.

4.    At all times relevant hereto, I performed my job duties in a manner which met the
      reasonable expectations of my employer.

5.    In June 2018, I learned that at some point, I would need surgery for my disability.

6.    Respondent was aware of my disability when I was hired.

7.    In July 2018, I told my supervisor I was going to need surgery for my disability,
      and I shared with him the anticipated duration of time I would need to be off
      work. At that time, I was asked to prepare a list of my stops, so someone stepping
      into my position could perform my duties

8.    In the last week of July/first week of August 2018, I shared with my supervisor
      that I required heart surgery which had not yet been scheduled, but I was going to
      the cardiovascular surgeon on Tuesday, August 7, 2018 to have the surgery
      scheduled. I also said the surgery was expected to take place within the month.

9.    At the end of that week, on Friday, August 3, 2018, I left work 2:00 p.m. At 4:00
      p.m., my supervisor called me and told me I was laid off. The stated reason was
      that the carpenters were slow, so I was not needed.

10.   I believe the stated reason is pre-text, for I had just spoken with the carpenters
      who had shared how busy they were. In addition, on Monday, August 6, 2018, I
      was advised by a different supervisor that a new driver had been hired to assume
      my position.

11.   I believe I have been subjected to discrimination (termination) and retaliation
      (termination) for requesting an accommodation in violation of the Americans with
      Disabilities Act, as amended.

RECEIVED

FEB 27 2020

BY: _____

EEOC Form 161-A (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

To:
**Lewis Powers**
c/o Patricia L. Jochum
**FAVARO & GORMAN, LTD**
835 Sterling Ave., Suite 100
Palatine, IL 60067

From: **Chicago District Office**
230 S. Dearborn
**Suite 1866**
Chicago, IL 60604

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-05091 | **Fatima Sandoval,** **Investigator Support Asst** | **(312) 872-9682** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Julianne Bowman,**
**District Director**

2/24/2020
*(Date Mailed)*

Enclosures(s)

cc: **MECCOR INDUSTRIES, LTD.**
c/o Gregory S. Gann
The Law Offices of Gregory S. Gann
1480 Renaissance Drive, Suite 201
Park Ridge, IL 60068

**EXHIBIT**
B